# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

BALLAD HEALTH, et al.,

        Plaintiffs,

vs.

UNITEDHEALTH GROUP INCORPORTATED, et al.,

        Defendants.

No. 2:25-CV-176-DCLC-CRW

## UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to Local Rule 26.2 and this Court's order on sealing (ECF No. 8), Defendants UnitedHealthcare Insurance Company (UHIC) and UnitedHealth Group Incorporated (UHG), respectfully move this Court for leave to file under seal their Brief in Support of the Motion to Compel Arbitration, or Alternatively to Dismiss the Complaint for Lack of Personal Jurisdiction and Failure to State a Claim, and redacted copies of the confidential agreements and amendments between UHIC and Ballad Health and its affiliates, which are quoted at length throughout that brief. Plaintiffs have indicated they do not oppose the motion for leave to file documents under seal. The Defendants request this relief because the quoted agreements contain confidential information and include terms which preclude or limit public disclosure of their content. In support, the Defendants state the following:

1. Plaintiffs and UHIC are parties to an August 15, 2010 Facility Participation Agreement ("MSHA Agreement"). The MSHA Agreement is a basis for Plaintiffs' breach of contract

1

claim and is referred to and discussed throughout the Complaint. The MSHA Agreement also contains a binding arbitration clause, which the Defendants seek to enforce.

2. Plaintiffs and UHIC are also parties to a June 19, 2014 Facility Participation Agreement ("Wellmont Health Agreement"). The Wellmont Health Agreement is a basis for Plaintiffs' breach of contract claim and is referred to and discussed throughout the Complaint. The Wellmont Health Agreement also contains a binding arbitration clause, which the Defendants seek to enforce.

3. Both the MSHA Agreement and the Wellmont Health Agreement contain a confidentiality provision which provides, in part, that "[n]either party may disclose to a Customer, other health care providers, or other third parties any of the following information (except as required by an agency of the government): i) any proprietary business information, not available to the general public, obtained by the party from the other party [or] ii) the specific reimbursement amounts provided for under this Agreement…" (MSHA Agreement at Section 9.9; Wellmont Health Agreement at Section 9.9).

4. The MSHA Agreement and the Wellmont Health Agreement contain policies, procedures, and business terms that may be considered proprietary business information.

5. The Defendants will file under seal, using the *Proposed Sealed Document* event in CM/ECF, their Unredacted Brief in Support of the Motion to Compel Arbitration, or Alternatively to Dismiss the Complaint for Lack of Personal Jurisdiction and Failure to State a Claim, and Exhibits 1 and 2.

6. The Defendants have included the Brief in Support in redacted form as an attachment to this motion, pursuant to Local Rule 26.2 and this Court's order on sealing (ECF No. 8).

7. Consistent with Local Rule 26.2, Exhibits 1 and 2 will be filed in their entirety without redactions as more than 50% of each document contains information that is confidential and proprietary and should be maintained under seal. The Brief in Support will be filed in redacted form.

8. The Defendants anticipate that they will seek entry of a Protective Order addressing confidential and propriety information, or the parties will jointly tender an Agreed Protective Order setting out a process for dealing with confidential information.

9. In an abundance of caution, Defendants seek to file the proposed sealed documents under seal until any potential disputes over the confidentiality of these materials can be resolved.

10. Plaintiffs have indicated that they do not oppose this motion.

11. Defendants therefore seek leave to file the redacted Brief in Support of the Motion to Compel Arbitration, or Alternatively to Dismiss the Complaint for Lack of Personal Jurisdiction and Failure to State a Claim on the public docket. And they seek leave to file an unredacted version of the Brief in Support along with Exhibits 1 and 2, under seal.

Dated: December 4, 2025

Respectfully submitted,

*s/ John E. Winters*
John E. Winters (BPR # 016345)
**KRAMER RAYSON, LLP**
PO Box 629
Knoxville, TN 37901-0629
(865) 524-5134
jwinters@kramer-rayson.com

Brian D. Boone (pro hac vice pending)
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
(704) 444-1000
brian.boone@alston.com

3

Esmat Hanano (pro hac vice pending)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W Peachtree St NW, Suite 4900
Atlanta, GA 30309
(404) 881-7000
esmat.hanano@alston.com

*Counsel for Defendants UnitedHealth Group Incorporated & UnitedHealthcare Insurance Company*

4

**CERTIFICATE OF SERVICE**

On this 4th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which serves a true and correct copy of the same to all attorneys.

*s/ John E. Winters*
John E. Winters