UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BALLAD HEALTH, MOUNTAIN STATES HEALTH ALLIANCE, WELLMONT HEALTH SYSTEM, TAKOMA REGIONAL HOSPITAL, INC, WELLMONT HAWKINS COUNTY MEMORIAL HOSPITAL, INC., DICKENSON COMMUNITY HOSPITAL, INC., JOHNSTON MEMORIAL HOSPITAL, INC, and SMYTH COUNTY COMMUNITY HOSPITAL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, INC., and UNITED HEALTHCARE INSURANCE COMPANY, <br><br> Defendants. | Case No. 2:25-cv-176-DCLC-CRW |

**UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 26.2 and this Court's Order governing the filing of sealed materials (ECF No. 8), Plaintiffs Ballad Health, Mountain States Health Alliance and Wellmont Health System, Takoma Regional Hospital, Inc., Wellmont Hawkins County Memorial Hospital, Inc., Dickenson Community Hospital, Inc., Johnston Memorial Hospital, Inc., and Smyth County Community Hospital (together, "Ballad Health" or "Plaintiffs") respectfully move for leave to file under seal their Memorandum in Opposition to Defendants' Motion to Compel Arbitration or Dismiss the Complaint, which quotes and discusses at length confidential agreements and amendments previously filed under seal in this action. Defendants have indicated that they do not oppose this motion. Plaintiffs request this relief because the Memorandum references and quotes

contractual provisions that contain confidential and proprietary information and include terms that preclude or limit public disclosure of their contents. In support, Plaintiffs state as follows:

1. Plaintiffs and Defendant UnitedHealthcare Insurance Company ("UHIC") are parties to an August 15, 2010 Facility Participation Agreement (the "MSHA Agreement"). The MSHA Agreement is a basis for Plaintiffs' breach of contract claims and is referred to and discussed throughout both Defendants' Motion and Plaintiffs' Memorandum in Opposition.

2. Plaintiffs and UHIC are also parties to a June 19, 2014 Facility Participation Agreement (the "Wellmont Health Agreement"). The Wellmont Health Agreement is likewise a basis for Plaintiffs' breach of contract claims and is referred to and discussed throughout Defendants' Motion and Plaintiffs' Memorandum in Opposition.

3. Both the MSHA Agreement and the Wellmont Health Agreement contain confidentiality provisions which provide, in part, that "[n]either party may disclose to a Customer, other health care providers, or other third parties any of the following information (except as required by an agency of the government): i) any proprietary business information, not available to the general public, obtained by the party from the other party [or] ii) the specific reimbursement amounts provided for under this Agreement…" (MSHA Agreement § 9.9; Wellmont Health Agreement § 9.9).

4. The MSHA Agreement and the Wellmont Health Agreement contain policies, procedures, and business terms that constitute confidential and proprietary business information.

5. Plaintiffs do not seek to file the MSHA Agreement or the Wellmont Health Agreement as exhibits to their Response. Rather, Plaintiffs' Memorandum cites to and quotes the versions of those agreements that Defendants previously filed under seal in support of their Motion.

6. Because Plaintiffs' Memorandum in Opposition quotes and discusses confidential provisions of these agreements, Plaintiffs seek leave to file an unredacted version of the Response under seal.

7. Plaintiffs have included a redacted version of their Memorandum in Opposition as an attachment to this motion, consistent with Local Rule 26.2 and this Court's Order on sealing (ECF No. 8).

8. Plaintiffs anticipate that the parties will seek entry of a Protective Order addressing confidential and proprietary information, or will jointly tender an agreed protective order setting forth a process for handling such materials.

9. In an abundance of caution, Plaintiffs seek leave to file the unredacted Memorandum in Opposition under seal until any potential disputes regarding the confidentiality of the referenced materials can be resolved.

10. Defendants have indicated that they do not oppose this motion.

11. Plaintiffs therefore seek leave to file a redacted version of their Memorandum in Opposition on the public docket and an unredacted version of the Memorandum under seal.

Dated: December 26, 2025

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*/s/ Nora A. Koffman*
Nora A. Koffman, Esq. (TBR #038025)
602 Sevier Street, Suite 300
Johnson City, Tennessee 37604
(423) 928-0181
nkoffman@bakerdonelson.com

Anthony Argiropoulos, Esq. *(pro hac vice)*
Thomas Kane (*pro hac vice*)
William Gibson, Esq. *(pro hac vice)*
281 Witherspoon Street, 3rd Floor
Princeton, New Jersey 08540
(609) 490-4844
aargiropoulos@bakerdonelson.com
tkane@bakerdonelson.com
wgibson@bakerdonelson.com

*Attorneys for Plaintiffs Ballad Health, Mountain States Health Alliance and Wellmont Health System, Takoma Regional Hospital, Inc., Wellmont Hawkins County Memorial Hospital, Inc., Dickenson Community Hospital, Inc., Johnston Memorial Hospital, Inc., and Smyth County Community Hospital*

**CERTIFICATE OF SERVICE**

      I hereby certify under Rule 5 of the Federal Rules of Civil Procedure that on December 26, 2025, a true and exact copy of the foregoing Unopposed Motion for Leave to File Documents Under Seal was served on the following counsel of record via e-mail:

John E. Winters
KRAMER RAYSON, LLP
Po Box 629
Knoxville, TN 37901-0629
(865) 524-5134
jwinters@kramer-rayson.com

Brian D. Boone
S. Blake Davis
ALSTON & BIRD LLP
Vintage South End
1120 South Tryon Street, Suite 300
(704) 444-1000
brian.boone@alston.com
blake.davis@alston.com

Esmat Hanano
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree St. NW, Suite 4900
Atlanta, GA 30309
(404) 881-7000
esmat.hanano@alston.com

Dated December 26, 2025

                                                */s/ Nora A. Koffman*
                                                Attorney